RAFAEL E. LLANSO, an individual and
ALEXANDRA LLANSO, an individual,

IN THE CIRCUIT COURT OF THE 11th JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

Plaintiffs,

GENERAL JURISDICTION DIVISION

v.

CASE NO.: 09-69028 CA 02

NATIONWIDE INSURANCE COMPANY
OF FLORIDA, a foreign corporation,

Defendant.

_____/

## UNOPPOSED MOTION FOR LEAVE OF COURT TO FILE FIRST AMENDED COMPLAINT

Pursuant to Rule 1.190(a), Florida Rules of Civil Procedure, Plaintiffs, RAFAEL E. LLANSO  and ALEXANDRA LLANSO (collectively the "Plaintiffs") move this Court for leave to file their First Amended Complaint and in support thereof state as follows:

1.     On September 18th, 2009, the Plaintiffs filed a Complaint against Defendant, NATIONWIDE INSURANCE COMPANY OF FLORIDA (the "Defendant").

2.     Plaintiffs have learned that the original amount of damages alleged in the complaint is incorrect.

3.     Therefore, the Plaintiffs respectfully request this Court for a leave to file their First Amended Complaint in order to correct the amount of damages.

WHEREFORE, the Plaintiff respectfully requests that this Court grants its Motion for Leave to Amend the Complaint and for any further relief this Court deems just and proper.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served via U.S. Mail to: Angela Castronovo, Esq., Lydecker, Lee, Berga & De Zayas, LLC, 1201 Brickell Avenue, 5th Floor, Miami, Florida 33131 on this 2nd day of December 2009.

**MONTESANO & PEREZ, P.L.**
Counsel for the Plaintiffs
Ocean Bank Building
782 N.W. Le Jeune Road
Suite 628
Miami, Florida 33126
Tel: (786) 528-5288
Fax: (786) 362-7171

By: _____

Joan Montesano, Esq.
Florida Bar No. 41673
Alian M. Perez, Esq.
Florida Bar No 36340

RAFAEL E. LLANSO, an individual and
ALEXANDRA LLANSO, an individual,

        Plaintiffs,

v.

NATIONWIDE INSURANCE COMPANY
OF FLORIDA, a foreign corporation,

        Defendant.

_____/

IN THE CIRCUIT COURT OF THE 11th
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: 09-69028 CA 02

## UNOPPOSED MOTION FOR LEAVE OF COURT TO FILE FIRST AMENDED COMPLAINT

Pursuant to Rule 1.190(a), Florida Rules of Civil Procedure, Plaintiffs, RAFAEL E. LLANSO  and ALEXANDRA LLANSO (collectively the "Plaintiffs") move this Court for leave to file their First Amended Complaint and in support thereof state as follows:

1.    On September 18th, 2009, the Plaintiffs filed a Complaint against Defendant, NATIONWIDE INSURANCE COMPANY OF FLORIDA (the "Defendant").

2.    Plaintiffs have learned that the original amount of damages alleged in the complaint is incorrect.

3.    Therefore, the Plaintiffs respectfully request this Court for a leave to file their First Amended Complaint in order to correct the amount of damages.

WHEREFORE, the Plaintiff respectfully requests that this Court grants its Motion for Leave to Amend the Complaint and for any further relief this Court deems just and proper.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served via U.S. Mail to: Angela Castronovo, Esq., Lydecker, Lee, Berga & De Zayas, LLC, 1201 Brickell Avenue, 5th Floor, Miami, Florida 33131 on this 2nd day of December 2009.

**MONTESANO & PEREZ, P. L.**
Counsel for the Plaintiffs
Ocean Bank Building
782 N.W. Le Jeune Road
Suite 628
Miami, Florida 33126
Tel: (786) 528-5288
Fax: (786) 362-7171

By: _____
Joan Montesano, Esq.
Florida Bar No. 41673
Alian M. Perez, Esq.
Florida Bar No 36340

RAFAEL E. LLANSO, an individual and
ALEXANDRA LLANSO, an individual,

        Plaintiffs,

v.

NATIONWIDE INSURANCE COMPANY
OF FLORIDA, a foreign corporation,

        Defendant.

_____/

IN THE CIRCUIT COURT OF THE 11th
JUDICIAL  CIRCUIT  IN  AND  FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. 09-69028 CA 02

## AGREED ORDER

THIS CAUSE, having come on to be heard on an Unopposed Motion for Leave of

Court to File First Amended Complaint, and the parties being in agreement thereon, IT

IS HEREBY ORDERED AND ADJUDGED that the Unopposed Motion for Leave of

Court to File First Amended Complaint is hereby **GRANTED**.

    a. The Plaintiffs shall have ten (10) days from the date on this order to file their first
       amended complaint.

    DONE AND ORDERED in Miami, Dade County, Florida this _____ day of

_____, 2009.

Conformed Copy

DEC 0 3 2009

RONALD M. FRIEDMAN
Circuit Court Judge
_____
The Honorable Ronald M. Friedman

cc: Angela Castrono, Esq.
    Alian M. Perez, Esq.

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN
AND FOR MIAMI-DADE COUNTY,
FLORIDA

CASE NO: 09-69028 CA 02

RAFAEL E. LLANSO and
ALEXANDRA LLANSO,

     Plaintiffs,

vs.

NATIONWIDE INSURANCE COMPANY
OF FLORIDA,

     Defendant.

_____/



## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW the DEFENDANT, NATIONWIDE INSURANCE COMPANY OF FLORIDA (hereinafter "NATIONWIDE" or "DEFENDANT"), by and through undersigned counsel, hereby files its Answer and Affirmative Defenses to the Complaint brought by PLAINTIFFS, RAFAEL E. LLANSO and ALEXANDRA LLANSO (hereinafter "PLAINTIFFS"), and in support thereof states as follows:

1.    Regarding Paragraph One of the Complaint, DEFENDANT admits for purposes of jurisdiction only but denies liability under all theories of recovery, and as such, strict proof is demanded.

2.    Regarding Paragraph Two of the Complaint, DEFENDANT is unaware of PLAINTIFFS' residence, and, as such, the allegations are denied and strict proof is demanded.

3.      Regarding Paragraph Three of the Complaint, DEFENDANT admits for purposes of jurisdiction only.

4.      Regarding Paragraph Four of the Complaint, DEFENDANT admits for purposes of jurisdiction only.

5.      Regarding Paragraph Five of the Complaint, DEFENDANT admits for purposes of jurisdiction only.

6.      Regarding Paragraph Six of the Complaint, DEFENDANT denies that PLAINTIFFS have performed all conditions precedent to the filing of this lawsuit.  More specifically, PLAINTIFFS have failed to: More specifically, PLAINTIFFS have failed to: (i) mitigate their damages; (ii) provide sworn proof of loss; (iii) submit this matter to appraisal; (iv) protect the property from further loss; and (v) make reasonable and necessary repairs to protect the property.

7.      Regarding Paragraph Seven of the Complaint, DEFENDANT admits that a policy was issued to PLAINTIFFS but denies all other allegations set forth therein and demands strict proof thereof.

8.      Regarding Paragraph Eight of the Complaint, DEFENDANT states that the policy referenced therein speaks for itself.

9.      Regarding Paragraph Nine of the Complaint, DEFENDANT denies the allegations set forth therein and demands strict proof thereof.

10.     Regarding Paragraph Ten of the Complaint, DEFENDANT admits that a claim number was assigned and an adjuster inspected the property, but denies all other allegations and demands strict proof thereof.

11.    Regarding Paragraph Eleven of the Complaint, DEFENDANT states that Exhibit "A" attached to the Complaint speaks for itself and denies the other allegations set forth therein and demands strict proof thereof.

12.    Regarding Paragraph Twelve of the Complaint, DEFENDANT denies the allegations set forth therein and demands strict proof thereof.

13.    Regarding Paragraph Thirteen of the Complaint, DEFENDANT denies the allegations set forth therein and demands strict proof thereof.

14.    Regarding Paragraph Fourteen of the Complaint, DEFENDANT denies the allegations set forth therein and demands strict proof thereof.

15.    Regarding Paragraph Fifteen of the Complaint, DEFENDANT denies the allegations set forth therein and demands strict proof thereof.

16.    Regarding Paragraph Sixteen of the Complaint, DEFENDANT denies the allegations set forth therein and demands strict proof thereof.

17.    Regarding Paragraph Seventeen of the Complaint, DEFENDANT is unaware of any fee arrangement PLAINTIFFS may have with legal counsel, and, as such, the allegations set forth therein are denied and strict proof is demanded.

## COUNT I – BREACH OF CONTRACT

DEFENDANT hereby realleges Paragraphs One through Seventeen as if fully set forth herein.

18.    Regarding Paragraph Eighteen of the Complaint, DEFENDANT admits that a policy was issued to PLAINTIFFS.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

PLAINTIFFS claim is limited to the terms and conditions of the insurance policy issued by DEFENDANT bearing number 7709HO988458.  Specifically, and as set forth in the subject policy, PLAINTIFFS' damages resulted from faulty design, workmanship, construction, materials and/or maintenance.   As such, this loss is not a covered as defined by the terms and conditions of the subject policy of insurance.   The subject policy provides, in relevant part:

**PROPERTY EXCLUSIONS**
**(Section I)**

\*\*\*

2) We do not insure for loss to any property resulting directly or indirectly from any of the following even if another excluded cause or event contributes to the loss:

    **a.** A fault, weakness, defect or inadequacy in the:

\*\*\*

       1. design, workmanship, construction, materials;
\*\*\*
       4. development or maintenance;
      of any property on or off the residence premises, whether intended or not.

### Second Affirmative Defense

PLAINTIFFS claim is limited to the terms and conditions of the insurance policy issued by DEFENDANT bearing number 7709HO988458.  Specifically, and as set forth in the subject policy, PLAINTIFFS' damages resulted from wear and tear, marring,

and/or deterioration. As such, this loss is not a covered as defined by the terms and conditions of the subject policy of insurance. The subject policy provides, in relevant part:

### PROPERTY EXCLUSIONS
### (Section I)

***

3) We do not cover loss to property described in Coverage A and B resulting directly from any of the following:

***

f) (1) wear and tear, marring, deterioration;

### Third Affirmative Defense

PLAINTIFFS' claim is limited to the terms and conditions of the insurance policy issued by DEFENDANT bearing number 7709HO988458. Specifically, and as set forth within the subject policy, PLAINTIFFS failed to mitigate their damages, and, as such, the loss is not covered as defined by the terms and conditions of the policy. The subject policy provides, in relevant part:

### PROPERTY CONDITIONS
### (Section I)

***

**3. Your Duties After Loss.** In case of loss, **you** must:

***

b. Protect the property from further damage. **You** must make repairs required to protect

the property; also keep record of repair expenses.

### Fourth Affirmative Defense

PLAINTIFFS are not entitled to recover damages against DEFENDANT because, even assuming *arguendo*, DEFENDANT failed to perform its duties pursuant to the terms and conditions of the subject policy, it was relieved of any such duties as a result of PLAINTIFFS' prior breach.  As expressly set forth in the subject policy and discussed in DEFENDANT'S Affirmative Defenses, PLAINTIFFS' breach of their post-loss conditions relieved DEFENDANT from any and all liability.   The subject policy provides, in relevant part:

**PROPERTY CONDITIONS**
**(Section I)**

\* \* \*

**8. Suit Against Us.**  No action can be brought against **us** unless there has been full compliance with the policy provisions.  Any action must be started within five years after the date of loss or damage.

### Fifth Affirmative Defense

DEFENDANT is entitled to a set-off from any amounts recovered by PLAINTIFFS for the damages in which they allege are owed as a result of the subject loss.

### Sixth Affirmative Defense

Pursuant to Rules 1.140 and 1.250 of the Florida Rules of Civil Procedure, the PLAINTIFFS failed to join indispensable parties, more specifically, all mortgage

holders, that are necessary and proper for a full adjudication of this lawsuit, and, as such, the Complaint as written is insufficient.  *See Grammer v. Roman*, 174 So.2d 443 (Fla. 2d DCA 1965); *National Title Ins. Co. v. Oscar E. Dooly Assocs., Inc.*, 377 So.2d 730 (Fla. 3d DCA 1979); *State Department of Health and Rehabilitative Servs. v. State of Florida*, 472 So.2d 790 (Fla. 1st DCA 1985).

## Seventh Affirmative Defense

The damages alleged by PLAINTIFFS are the result of a pre-existing condition and/or were caused by subsequent uncovered losses.

## Eighth Affirmative Defense

PLAINTIFFS' claim is limited to the terms and conditions of the insurance policy issued by DEFENDANT bearing number 7709HO988458.  Specifically, and as set forth within the subject policy, the amount of damages in which PLAINTIFFS may recover is subject to determination by an Umpire, not the jurisdiction in which PLAINTIFFS brought this lawsuit.  The subject policy provides, in relevant part:

### PROPERTY CONDITIONS
### (Section I)

\* \* \*

6.  **Mediation or Appraisal.  If you** and **we** fail to agree on the amount of loss, either can:

\*\*\*

b.  demand an appraisal of the loss.  In this event, each party will select a competent independent appraiser and notify the other of the appraisers identity within 20 days of receipt of written demand. The two appraisers will then select a competent, impartial umpire.  If the two appraisers cannot agree

on an umpire within 15 days, you or we can ask a judge of a court of record in the stat were the residence premises is located to select a competent, impartial umpire. . . .

## STATEMENT

DEFENDANT reserves the right to amend their Answer and Affirmative Defenses and to assert additional defenses based on the completion of further discovery.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the foregoing was provided, via ☐ First Class U.S. Mail, ☒ facsimile transmission, and/or ☐ hand-delivery, to: Alian M. Perez, Esq., of Montesano & Perez, Suite 628, 782 NW Le Jeune Road, Miami, Florida 33126 (*facsimile: 786/362-7171*) on this ___26th___ day of October, 2009.

By: _____

ANTHONY J. TINELLI, ESQ.
Florida Bar Number: 959901
ANGELA CASTRONOVO, ESQ.
Florida Bar Number: 42993
LYDECKER, LEE, BERGA & DE ZAYAS, LLC
*Attorneys for Defendant*
1201 Brickell Avenue, 5th Floor
Miami, Florida 33131
(305) 416-3180 Telephone
(305) 416-3190 Facsimile

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN
AND FOR MIAMI-DADE COUNTY,
FLORIDA

CASE NO:  09-69028 CA 02

RAFAEL E. LLANSO and
ALEXANDRA LLANSO,

      Plaintiffs,

vs.

NATIONWIDE INSURANCE COMPANY
OF FLORIDA,

      Defendant.

_____/

## DEFENDANT'S MOTION TO DISMISS AND/OR MOTION TO STRIKE COUNTS II, III, AND IV OF PLAINTIFFS' COMPLAINT

**COMES NOW** the DEFENDANT, NATIONWIDE INSURANCE COMPANY OF FLORIDA (hereinafter "NATIONWIDE" or "DEFENDANT"), by and through undersigned counsel, hereby files its Motion to Dismiss Counts II, III, and IV of the Complaint brought by PLAINTIFFS, RAFAEL E. LLANSO and ALEXANDRA LLANSO (hereinafter "PLAINTIFFS"), and in support thereof states as follows:

    1.    On May 18, 2008, a water loss occurred on the subject property resulting from rain and moderate winds.

    2.    After DEFENDANT tendered the undisputed amount of loss, PLAINTIFFS filed the underlying lawsuit on September 17, 2009, which contained four separate counts against DEFENDANT: breach of contract (Count I); unjust enrichment (Count II); fraud in the inducement (Count III); and negligent misrepresentation (Count

IV). *A copy of the Complaint is attached hereto as Exhibit "A".*

3.     As set forth in the following memorandum of law, Counts II, III, and IV are not only wholly unsupported by the facts and are unrelated to this matter, these three Counts go towards allegations of bad faith, and further each fail to state a claim for which relief can be granted and, as such, should be dismissed.

## MEMORANDUM OF LAW

### I. UNJUST ENRICHMENT

As to unjust enrichment (Count II), the PLAINTIFFS can not prove any set of facts in support of their claim.  The elements necessary to bring forth a cause of action for unjust enrichment are: (1) that the plaintiff has conferred a benefit on the defendant, who has knowledge thereof; (2) that the defendant voluntarily accepts and retains the benefit conferred; and (3) that circumstances are such that it would be inequitable for defendant to retain benefit without paying the value thereof to plaintiff.  *Moynet v. Courtois,* 8 So.3d 377 (Fla. 3d DCA 2008).  Here, although the PLAINTIFFS allege that they paid monthly premiums to the DEFENDANT in accordance with the policy, the DEFENDANT properly investigated the claim and submitted payment for undisputed damages.

PLAINTIFFS fail to mention in the Complaint that any payment was submitted to them by the DEFENDANT, but merely purport that they have not received the amount they believe they are entitled to collect.  Further, these circumstances do not constitute unjust enrichment as the relevant insurance policy, a written contract, governs the relationship between the parties.  Florida law states that "where there is an

express contract between the parties, claims arising out of that contractual relationship will not support a claim for unjust enrichment." *See Diamond "S" Dev. Corp. v. Mercantile Bank,* 989 So.2d 696,697 (Fla. 1st DCA 2008); *Harding Realty, Inc. v. Turnberry Towers Corp.,* 436 So.2d 983 (Fla. 3d DCA 1983). Thus, Count II of the Complaint should be dismissed as the PLAINTIFFS have failed to state a cause of action upon which relief may be granted.

## II. FRAUD IN THE INDUCEMENT

In regards to fraud in the inducement (Count III), Florida law requires that in order to allege a viable cause of action for fraud, a plaintiff must allege that: (1) defendant made a false statement regarding a material fact; (2) defendant knew that the statement was false when he made it or made the statement knowing he was without knowledge of its truth of falsity; (3) defendant intended that plaintiff rely and act of the false statement; and (4) plaintiff justifiably relied on the false statement to his detriment. *Simon v. Celebration Co.,* 883 So.2d 826 (Fla. 5th DCA 2004). The first element of fraud, false representations of fact, can only be satisfied when the pleading identifies specific facts and states how they were false. *Batlemento v. Dove Fountain, Inc.,* 593 So.2d 234, 238 (Fla. 5th DCA 1991).

In *Batlemento,* the district Court held that an Amended Complaint did not contain sufficient information to state a cause of action for fraud since it did not, in particularity, identify how the representation was false. *Id.* The district Court further stated that the Amended Complaint did no more than identify the general subject matter of the alleged false representations of fact and not how they were in fact false, and commented that

the trial court plainly erred in failing to require compliance with Florida Rule of Civil Procedure 1.120(b), pleading fraud with particularity. *Id.*

In the Complaint at hand, the PLAINTIFFS vaguely refer to a broad expectation by the PLAINTIFFS that Defendant would "fully pay for any covered claim" without setting forth any fraud or identifying any false statements as required by the Rules of Civil Procedure, Rule 1.110(b). At best, the allegations set forth in the Complaint are that the PLAINTIFFS expected to be fully paid and they believe they have not been appropriately compensated. Therefore, the purported fraud is simply the PLAINTIFFS' beliefs and interpretations of the industry standards as they surround claims handling. Nonetheless, such ideas and speculations by PLAINTIFFS remain a far cry from allegations of fraud. At best, in evaluating the allegations of the Complaint in the light most favorable to the PLAINTIFFS, the chief complaint is that the claim was not paid in the amount as opined by PLAINTIFFS. These allegations go towards claims practices as to how the claim was handled, or whether the PLAINTIFFS received sufficient insurance benefits, as opposed to any fraudulent conduct on the part of DEFENDANT. *See e.g.* FLA. STAT. § 626.9541(1)(i)3b.[1]

---

[1] FLA. STAT. § 626.9541(1)(i)3b provides that an Unfair Claims Settlement Practice with such frequency as to indicate a general business practice includes any of the following:

    a.  Failing to adopt and implement standards for the <u>proper investigation of claims</u>;

    b.  <u>Misrepresenting pertinent facts or insurance policy provisions</u> relating to coverages at issue;

    c.  Failing to acknowledge and act promptly upon communications with respect to claims;

    d.  Denying claims without conducting reasonable investigations based upon available information;

Additionally, the "economic loss rule" prohibits causes of action based on torts if they are dependent on same allegations of a contractual breach, such as fraudulent inducement. *Clayton v. State Farm Mut. Ins. Co.*, 729 So.2d 1012 (Fla. 3d DCA 1999). Where alleged fraudulent misrepresentation is inseparable from the essence of the parties' agreement, the "economic loss rule" applies barring tort actions between parties to a contract. *Id.* Further, the "economic loss rule" bars fraud in the inducement if the PLAINTIFFS cannot demonstrate that it is a tort independent from the breach of contract. *Bates v. Rosique*, 777 So.2d 980 (Fla. 3d DCA 2001). In the case at hand, the PLAINTIFFS' factual allegations are consistent throughout the Complaint; only the theories of recovery vary. For example, the PLAINTIFFS improperly reallege and reincorporate all previous paragraphs in the Complaint instead of simply realleging the general allegations. Moreover, the facts that the Insured purchased the Policy, expected that the Insurance Company "would fully pay for any covered claim" and that "the

---

e. Failing to affirm or deny full or partial coverage of claims, and, as to partial coverage, the dollar amount or extent of coverage, or failing to provide a written statement that the claim is being investigated, upon the written request of the insured within 30 days after proof-of-loss statements have been completed;

f. Failing to promptly provide a reasonable explanation in writing to the insured of the basis in the insurance policy, in relation to the facts or applicable law, for denial of a claim or for the offer of a compromise settlement;

g. Failing to promptly notify the insured of any additional information necessary for the processing of a claim; or

h. Failing to clearly explain the nature of the requested information and the reasons why such information is necessary.

j. Failure to maintain complaint-handling procedures.--Failure of any person to maintain a complete record of all the complaints received since the date of the last examination. For purposes of this paragraph, "complaint" means any written communication primarily expressing a grievance.

Insured have suffered and continue to suffer damages" seem to be the only supporting facts in both the breach of contract claim and fraud in the inducement, as well as all other counts throughout the Complaint.  As such, Count III should be dismissed as the allegations which support breach of contract are no different that those supporting fraudulent inducement thereby effectively being barred by the "economic loss rule." Further, since the PLAINTIFFS have failed to identify specific facts as to the purported fraud committed by DEFENDANT and same allegations, Count III of the Complaint should be dismissed as the PLAINTIFFS have failed to state a cause of action upon which relief may be granted.

## III. NEGLIGENT MISREPRESENTATION

In regards to negligent misrepresentation (Count IV), an actionable suit must contain the following allegations: (1) misrepresentation of material fact; (2) representer must either know of misrepresentation without knowledge as to its truth or falsity, or must make representations under circumstances in which he ought to have known of its falsity; (3) representer must intend that representation induce another to act on it; and (4) injury must result to party acting in justifiable reliance on misrepresentation. *Atlantic Nat'l Bank of Florida v. Vest*, 480 So.2d 1328 (Fla. 2d DCA 1986).  A fact is material if, but for alleged nondisclosure or misrepresentation, the complaining party would not have entered into transaction. *Id.*

In the instant matter, the PLAINTIFFS have been unable to establish a misrepresentation of material fact.  Again, the PLAINTIFFS vaguely allege in the Complaint that representations were made by the DEFENDANT assuring the

PLAINTIFFS that it would fully pay for any covered claim when the PLAINTIFFS purchased the policy and that such representations induced the PLAINTIFFS. All allegations are bare, and proffer legal conclusions without sufficient facts in support thereof. For instance, the PLAINTIFFS allege in the negligent misrepresentation count that:

> 33.  The representations made by the Insurance Company assuring the Insured that it would fully pay for any covered claims when the Insured purchased the Policy were material and false.
> 34. The Insurance Company fraudulently induced the Insured to purchase the Policy upon false representations that it would fully pay the Insured for any covered claim.  35.  The Insurance Company should have known or was reckless on not knowing that its representations were false when made, and the Insurance Company made them with the intention that the Insured relied to their detriment thereon.
> 36.  The Insured did, indeed, rely to their detriment on the false representations made by the Insurance Company as the purchased the Policy.
> 37.  As a result of the Insurance Company's false representations, as more specifically set forth above, the Insured have suffered and continue to suffer damages.

As delineated above, the PLAINTIFFS merely state legal conclusions and elements without stating specifically what specific representations were conveyed. Further, as previously mentioned the DEFENDANT has investigated the subject loss and submitted payment for covered damages. The fact the PLAINTIFFS disagree with the amount tendered by the DEFENDANT neither amounts to a misrepresentation or injury to the PLAINTIFFS as required by law to establish a cause of action for Negligent Misrepresentation. As such, Count IV of the Complaint should be dismissed as the PLAINTIFFS have failed to state a cause of action upon which relief may be granted.

Moreover, the "economic loss rule" bars causes of actions in tort between parties

to a contract, unless there is proof of property damage independent of a Breach of Contract. *Clayton* , 729, So.2d 1012 (Fla. 3d DCA 1999).  In addition, Florida courts have held that when fraud relates to the performance of the contract, the "economic loss rule" will limit the parties to their contractual remedies.  *D & M Jupiter, Inc., v. Freidopfer,* 853 So.2d 485 (Fla. 4th DCA 2003).  *See Output, Inc., v. Danka Business Systems, Inc.,* 991 So.2d 941 (Fla. 4th DCA 2008) (when alleged fraud relates to the performance of a contract, the economic loss doctrine limits the parties to their contractual remedies). In other words, in order to determine if the "economic loss rule" bars recovery it is necessary to ask if the fraud alleged is in an act of performance.  *Id.*  Here, the PLAINTIFFS are alleging that the DEFENDANT has not fully paid on the contract, and therefore complain that DEFENDANT has not fully performed pursuant to same.  As such, Count IV is barred via the "economic loss rule," and should be dismissed, as a Breach of Contract would be the appropriate theory of recovery since the PLAINTIFFS are alleging failure to perform.

## IV. CONCLUSION

As discussed herein, the PLAINTIFFS have failed to state a cause of action upon which relief may be granted on Counts II, III, and IV, respectively.  Further, the "economic loss rule" bars the allegations as set forth by the PLAINTIFFS in Counts III and IV due to PLAINTIFFS failure to demonstrate that these torts are independent from Breach of Contract.  As such, the PLAINTIFFS' proper avenue for seeking redress is found within Count I – Breach of Contract; however, Counts II, III, and IV are not only irrelevant, scandalous and impertinent to the instant matter, but infer allegations of bad

faith by alleging unjust enrichment, fraud in the inducement, and negligent misrepresentation – allegations that are irrelevant and not at issue at this time. PLAINTIFFS proper theory of recovery for the allegations as set forth within the Complaint sounds in breach of contract and nothing more.  As such, Counts II, III, and IV must be dismissed.

**WHEREFORE,** the DEFENDANT, NATIONWIDE INSURANCE COMPANY OF FLORIDA, hereby requests that this Honorable Court enter an Order dismissing or striking Counts II, III, and IV of the Complaint and for any and all other further relief this Court deems fair and just.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true copy of the foregoing was provided, via ☐ First Class U.S. Mail, ☒ facsimile transmission, and/or ☐ hand-delivery, to:  Alian M. Perez, Esq., of Montesano & Perez, Suite 628, 782 NW Le Jeune Road, Miami, Florida 33126 (*facsimile: 786/362-7171*) on this ____ day of October, 2009.

By: _____
Anthony J. Tinelli, Esq.
Florida Bar Number: 959901
Angela Castronovo, Esq.
Florida Bar Number: 15171
LYDECKER, LEE, BERGA & DE ZAYAS, LLC
*Attorneys for Defendant*
1201 Brickell Avenue, 5th Floor
Miami, Florida  33131
(305) 416-3180 Telephone
(305) 416-3190 Facsimile

 CT Corporation

**Service of Process Transmittal**
09/29/2009
CT Log Number 515494909

**TO:**   Randolph Wiseman
Nationwide Mutual Insurance Company
One Nationwide Plaza 1-38-11
Columbus, OH 43215-2220

**RE:**   **Process Served in Florida**

**FOR:**   Nationwide Insurance Company of Florida (Domestic State: OH)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Rafael E. Llanso and Alexander Llanso, Pltf(s). vs. Nationwide Insurance Company of Florida, etc., Dft. |
| **DOCUMENT(S) SERVED:** | Notice, Summons, Complaint, Exhibit(s), |
| **COURT/AGENCY:** | 11th Judicial Circuit, Miami-Dade County - General Jurisdiction Division, FL<br>Case # 09 69028 CA 02 |
| **NATURE OF ACTION:** | Insurance Litigation - Policy benefits claimed for property damage |
| **ON WHOM PROCESS WAS SERVED:** | CT Corporation System, Plantation, FL |
| **DATE AND HOUR OF SERVICE:** | By Electronic Receipt on 09/29/2009 |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service |
| **ATTORNEY(S) / SENDER(S):** | Alian M. Perez, Esq.<br>Montesano M. Perez, P.L.<br>Ocean Bank Building<br>782 N. W. Le Jeune Road<br>Suite 628<br>Miami, FL 33126<br>786-528-5288 |
| **REMARKS:** | Process received by Chief Financial Officer on 9/28/09, and forwarded to C T Corporation System by electronic delivery on 9/29/09. |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/29/2009, Expected Purge Date: 10/04/2009<br>Image SOP |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | CT Corporation System<br>Donna Moch<br>1200 South Pine Island Road<br>Plantation, FL 33324<br>954-473-5503 |

Page 1 of  1 / SM

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



EXHIBIT
**A**

**ALEX SINK**
**CHIEF FINANCIAL OFFICER**
**STATE OF FLORIDA**
Florida Department of Financial Services


09-52380

RAFAEL E. LLANSO AND ALEXANDRA LLANSO

PLAINTIFF(S),

VS.

NATIONWIDE INSURANCE COMPANY OF FLORIDA

DEFENDANT(S),

_____/

SUMMONS, COMPLAINT, EXHIBITS

CASE #:     09-69031 CA-05
COURT:     CIRCUIT COURT
COUNTY:   DADE
DFS-SOP#: 09-52380

## NOTICE OF SERVICE OF PROCESS

NOTICE IS HEREBY GIVEN of acceptance of Service of Process by the Chief Financial Officer of the State of Florida.  Said process was received in my office by MAIL on the 28th day of September, 2009 and a copy was forwarded by Electronic Delivery on the 29th day of September, 2009 to the designated agent for the named entity as shown below.

NATIONWIDE INSURANCE COMPANY OF FLORIDA
DONNA MOCH   (CLS-SOPPLATeam@wolterskluwer.com)
CT CORPORATION SYSTEM
1200 SOUTH PINE ISLAND ROAD
PLANTATION FL 33324

\* Our office will only serve the initial process (Summons and Complaint) or Subpoena and is not responsible for transmittal of any subsequent filings, pleadings or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure, Rule #1.080.

*Alex Sink*

Alex Sink
Chief Financial Officer

cc to: Plaintiff's Representative for filing in appropriate court:

ALIAN M. PEREZ
MONTESANO & PEREZ
SUITE 628
782 NW LE JEUNE ROAD
MIAMI FL 33126

CYA

Division of Legal Services - Service of Process Section
200 East Gaines Street  - P.O. Box 6200 - Tallahassee, Florida 32314-6200  - (850) 413-4200  - Fax (850) 922-2544

| X IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. Q | | |
|---|---|---|
| **DIVISION**<br>X CIVIL<br>Q OTHER | **SUMMONS** | **CASE NUMBER**<br>09 69028 CA 02 |
| **PLAINTIFF(S)**<br>RAFAEL E. LLANSO and<br>ALEXANDRA LLANSO, | **DEFENDANT (s)**<br>NATIONWIDE INSURANCE<br>COMPANY OF FLORIDA, | **CLOCK IN** |

THE STATE OF FLORIDA:

To Each Sheriff of the State:

You **ARE COMMANDED** to serve this summons and a copy of the **Complaint** in this action on defendant:

### NATIONWIDE INSURANCE COMPANY OF FLORIDA
### BY AND THROUGH THE FLORIDA DEPARTMENT OF FINANCIAL SERVICES
### 200 E. GAINES STREET
### TALLAHASSEE, FLORIDA 32399-4201

Defendant is required to serve answer and written defenses to the Complaint on Plaintiff's Attorney: MONTESANO & PEREZ, P.L., whose address is Ocean Bank Building, 782 N.W. Le Jeune Road, Suite 628, Miami, Florida 33126, Telephone No.: 786-528-5288, Fax No.: 786-362-7171, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the Complaint.

| | | | |
|---|---|---|---|
| **CLERK OF COURTS** | BY | *Ela Martin 300272*<br>DEPUTY CLERK | **DATE**<br>SEP 1 8 2009 |

**AMERICANS WITH DISABILITIES ACT OF 1990**
IN ACCORDANCE WITH THE AMERICANS WITH DISABILITIES ACT OF 1990, PERSONS NEEDING A SPECIAL ACCOMMODATION TO PARTICIPATE IN THIS PROCEEDING SHOULD CONTACT THE ASA COORDINATOR, NO LATER THAN 7 DAYS PRIOR TO THE PROCEEDINGS AT 305/3752006 (VOICE) OF 305/375-2007 (TDD)

COURT SEAL

RAFAEL E. LLANSO, an individual and
ALEXANDRA LLANSO, an individual,

        Plaintiffs,

v.

NATIONWIDE INSURANCE COMPANY
OF FLORIDA, a foreign corporation,

        Defendant.

_____/

IN THE CIRCUIT COURT OF THE 11th
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. 09  69028 CA 02

## COMPLAINT

Plaintiffs, RAFAEL E. LLANSO and ALEXANDRA LLANSO (collectively the "Insured"), hereby filed their Complaint against the Defendant, NATIONWIDE INSURANCE COMPANY OF FLORIDA (the "Insurance Company"), and in support thereof allege as follows:

### PARTIES, JURISDICTION & VENUE

1.    This is an action for damages that exceed Fifteen Thousand Dollars ($15,000) exclusive of interest, costs and fees.

2.    The Insured are individuals who at all times material hereto have resided in Miami-Dade County, Florida.

3.    The Insurance Company is a foreign corporation qualified to do business in Florida and has at all times material hereto been conducting business in Miami-Dade County, Florida.

4.    Venue is proper in Miami-Dade County, Florida because the contract, which forms the subject matter of this lawsuit, was executed in Miami-Dade County, Florida.

5.    Venue is proper in Miami-Dade County, Florida because the property, which forms the subject matter of this lawsuit, is located in Miami-Dade County, Florida.

6.    All conditions precedent to the filing of this lawsuit have occurred, have been waived or have been performed.

<u>**GENERAL ALLEGATIONS**</u>

7.    At all times material hereto, in consideration of a premium paid by the Insured, there was in full force and effect a certain homeowners insurance policy issued by the Insurance Company with a policy number of 7709HO988458 (the "Policy"). The Insured after diligent search and expending all efforts to locate a copy of the Policy has not been able to do so. However, the Insurance Company must have a copy of said Policy in its possession; as such the Insured will file a copy of the Policy after the same is provided by the Insurance Company.

8.    Accordingly, under the terms of the Policy, the Insurance Company agreed to provide insurance coverage to the Insured's property against certain losses. The damaged property is located at 265 W. Enid Drive, Key Biscayne, Florida 33149 ("Property").

9.    On or about May 18th, 2008, while the Policy was in full force and effect, the Property sustained a covered loss as a result of water damage (the "Loss").

10.    The Insurance Company acknowledged coverage for the Loss, assigned claim number 77 09 HO 988458 05182009 01 to the Loss and assigned an insurance adjuster to adjust the Loss.

2

11.    Accordingly, the Insurance Company provided payment of insurance proceeds to the Insured in the amount of $6,452.11. However, after diligent inspection of the Loss, it was obvious that the Property sustained damage greater than the damages acknowledged by the Insurance Company. A true and correct copy of the Insurance Company's estimate is attached hereto as Exhibit **"A"**.

12.    Specifically, the Insured provided the Insurance Company with an estimate from their own expert showing damages in the amount of $106,816.00. A true and correct copy of Insured's estimate is attached hereto as Exhibit **"B"**.

13.    The Insurance Company has knowledge that the damages are greater than the damages acknowledged by it; however, it refuses to make additional payments.

14.    The Insurance Company's has the duty to issue full payment for the total amount of the Loss under the terms of the Policy.

15.    As of the date of the filing of this lawsuit, the Insurance Company has refused to comply with the Policy: provide full payment for the Loss.

16.    The Insured has suffered and continues to suffer damages resulting from Insurance Company's breach of the Policy in the liquidated amount of $106,816.00, which is the different between the monies paid by the Insurance Company and the actual amount of the Loss.

17.    The Insured has been obligated to retain the undersigned attorneys for the prosecution of this action and is entitled to a reasonable attorneys' fee pursuant to Florida Statute Section 627.428.

## COUNT I
## BREACH OF CONTRACT

The Insured reincorporates paragraphs 1 through 17 as if fully set forth herein.

18.     It is undisputed that the Insured and the Insurance Company entered into a written contract, the Policy, wherein the Insured agreed to pay a premium and the Insurance Company agreed to insure the Insured's Property.

19.     The Insured has paid all premiums due and owing as contemplated by the Policy; thus, fully performing her obligations under the Policy.

20.     Further, at all times material hereto, the Insured has satisfied all post loss obligations accorded in the Policy, including but not limited to: (i) protecting the Property from further loss; (ii) making reasonable and necessary repairs to protect the Property; and (iii) keeping an accurate record of the repairs expenses.  Accordingly, the Insured has made diligent effort to complete reasonable repairs to the Property and has mitigated the damages sustained.

21.     In contrast, the Insurance Company has failed to provide full payment for the Loss.  As a result of the foregoing, the Insurance Company has breached the Policy.

22.     As a direct and proximate result of the Insurance Company's breach of the Policy, the Insured has suffered and continues to suffer damages in the amount of $106,816.00.

WHEREFORE, the Insured respectfully request that this Court enter judgment against the Insurance Company for damages and demands the Insurance Company provides full payment for the Loss in the liquidated amount of $106,816.00, plus

4

interest, court costs and reasonable attorneys' fees pursuant to Section 627.428, Florida Statutes.

## COUNT II
## UNJUST ENRICHMENT

Insured realllege and reincorporate paragraphs 1 through 22 as if fully set forth herein.

23.     Benefits were conferred upon the Insurance Company by the Insured equal to the amount of monies pay by the Insured when they bought the Policy.

24.     The Insurance Company has knowledge of said benefits and appreciated it in that the Insurance Company voluntarily accepted the monies tendered by the Insured when they purchased the Policy without objection.

25.     The acceptance of such benefits by the Insurance Company is such that it would be inequitable for the Insurance Company to retain the benefits without paying the amount of $106,816.00, which is the different between the monies paid by the Insurance Company and the actual amount of the Loss.

26.     The Defendants have been unjustly enriched in the liquidated amount of $106,816.00.

WHEREFORE, the Insured respectfully request that this Court enter judgment against the Insurance Company for damages and demands the Insurance Company provides full payment for the Loss in the liquidated amount of $106,816.00, plus interest, court costs and reasonable attorneys' fees pursuant to Section 627.428, Florida Statutes.

## COUNT III
## FRAUD IN THE INDUCEMENT

The Insured reallege and reincorporate paragraphs 1 through 26 as if fully set forth herein.

27.     The representations made by the Insurance Company assuring the Insured that it would fully pay for any covered claim when the Insured purchased the Policy were material and false.

28.     The Insurance Company fraudulently induced the Insured to purchase the Policy upon false representations that it would fully pay the Insured for any covered claim.

29.     The Insurance Company knew that its representations were false when made, and the Insurance Company made them with the intention that the Insured relied to their detriment thereon.

30.     The Insured did, indeed, rely to their detriment on the false representations made by the Insurance Company as the Insured purchased the Policy.

31.     As a result of the Insurance Company's false representations, as are more specifically set forth above, the Insured have suffered and continue to suffer damages.

32.     The Insured reserve the right to amend this count to add a claim herein for punitive damages in accordance with Section 768.72, Florida Statutes, upon the proper showing to this Court of the necessary record evidence allowing such amendment.

WHEREFORE, the Insured respectfully request that this Court enter judgment against the Insurance Company for damages and demands the Insurance Company provides full payment for the Loss in the liquidated amount of $106,816.00, plus

6

interest, court costs and reasonable attorneys' fees pursuant to Section 627.428, Florida Statutes.

## COUNT IV
## NEGLIGENT MISREPRESENTATION

The Plaintiffs reallege and reincorporate paragraphs 1 through 32 as if fully set forth herein.

33.    The representations made by the Insurance Company assuring the Insured that it would fully pay for any covered claim when the Insured purchased the Policy were material and false.

34.    The Insurance Company negligently induced the Insured to purchase the Policy upon representations that it would fully pay the Insured for any covered claim.

35.    The Insurance Company should have known or was reckless on not knowing that its representations were false when made, and the Insurance Company made them with the intention that the Insured relied to their detriment thereon.

36.    The Insured did, indeed, rely to their detriment on the false representations made by the Insurance Company as the Insured purchased the Policy.

37.    As a result of the Insurance Company's false representations, as are more specifically set forth above, the Insured have suffered and continue to suffer damages.

WHEREFORE, the Insured respectfully request that this Court enter judgment against the Insurance Company for damages and demands the Insurance Company provides full payment for the Loss in the liquidated amount of $106,816.00, plus interest, court costs and reasonable attorneys' fees pursuant to Section 627.428, Florida Statutes.

7

Dated this 16th day of September 2009.

**MONTESANO & PEREZ, P.L.**
Counsel for the Insured.
Ocean Bank Building
782 N.W. Le Jeune Road
Suite 628
Miami, Florida 33126
Telephone No. (786) 528-5288
Facsimile No.   (786) 362-7171

By:

Alian M. Perez, Esq.
Florida Bar No. 36340

8

 **Nationwide Insurance**

Richard Boullon
1100 Locust St
Des Moines, IA 50391-5578
Cell: 561-722-3787
fortp1@nationwide.com

**RAFAEL_LLANSO**

Main Level

| Master | | | | Ceiling Height: 8' |
|---|---|---|---|---|
| | 549.67 SF Walls | | 303.58 SF Ceiling | |
| | 853.25 SF Walls & Ceiling | | 303.58 SF Floor | |
| | 33.73 SY Flooring | | 67.42 LF Floor Perimeter | |
| | 75.17 LF Ceil. Perimeter | | | |

| Missing Wall: | 1 - | 3'7" X 6'8" | | Opens into Exterior | | Goes to Floor | |
|---|---|---|---|---|---|---|---|
| Missing Wall: | 1 - | 4'2" X 6'8" | | Opens into Exterior | | Goes to Floor | |

| DESCRIPTION | QNTY | | UNIT COST | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|
| DWELLING | | | | | | |
| 1. Contents - move out then reset - Large room | 1.00 | EA | 55.92 | 55.92 | (0.00) | 55.92 |
| 3. Baseboard - Detach and reset | 67.42 | LF | 1.84 | 124.05 | (0.00) | 124.05 |
| 4. Paint baseboard - two coats | 67.42 | LF | 0.88 | 59.33 | (5.93) | 53.40 |
| 13. R&R Pre-finished solid wood flooring | 303.58 | SF | 11.44 | 3,472.95 | (283.85) | 3,189.10 |
| **Dwelling Totals:** | | | | **3,712.25** | **289.78** | **3,422.47** |
| **Totals: Master** | | | | **3,712.25** | **289.78** | **3,422.47** |

RAFAEL_LLANSO

Exhibit "A"

 **Nationwide Insurance**

Richard Boullon
1100 Locust St
Des Moines, IA 50391-5578
Cell: 561-722-3787
fortp1@nationwide.com



**Hall**                                                           Ceiling Height: 8'

517.33 SF Walls                    216.71 SF Ceiling
734.04 SF Walls & Ceiling          216.71 SF Floor
24.08 SY Flooring                   63.50 LF Floor Perimeter
70.50 LF Ceil. Perimeter

| Missing Wall: | 1 - | 3'10" X 6'8" | Opens into Exterior | Goes to Floor |
| Missing Wall: | 1 - | 4'0" X 0'0" | Opens into Exterior | Goes to Floor/Ceiling |
| Missing Wall: | 1 - | 3'2" X 6'8" | Opens into Exterior | Goes to Floor |

| DESCRIPTION | QNTY | UNIT COST | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|
| **DWELLING** | | | | | |
| 7.  Baseboard - Detach and reset | 63.50 LF | 1.84 | 116.84 | (0.00) | 116.84 |
| 8.  Paint baseboard - two coats | 63.50 LF | 0.88 | 55.88 | (5.59) | 50.29 |
| 12. Contents - move out then reset | 1.00 EA | 37.27 | 37.27 | (0.00) | 37.27 |
| 14. R&R Pre-finished solid wood flooring | 216.71 SF | 11.44 | 2,479.16 | (202.62) | 2,276.54 |
| | | | | | |
| **Dwelling Totals:** | | | 2,689.15 | 208.21 | 2,480.94 |
| **Totals:  Hall** | | | 2,689.15 | 208.21 | 2,480.94 |

RAFAEL_LLANSO                                    8/26/2009              Page: 4

 **Nationwide Insurance**

Richard Boullon
1100 Locust St
Des Moines, IA 50391-5578
Cell: 561-722-3787
fortp1@nationwide.com



**Bedroom 2**

Ceiling Height: 8'

| | |
|---|---|
| 320.67 SF Walls | 144.00 SF Ceiling |
| 464.67 SF Walls & Ceiling | 144.00 SF Floor |
| 16.00 SY Flooring | 38.50 LF Floor Perimeter |
| 48.00 LF Ceil. Perimeter | |

| Missing Wall: | 1 - | 4'6" X 6'8" | Opens into Exterior | Goes to Floor |
|---|---|---|---|---|
| Missing Wall: | 1 - | 2'4" X 6'8" | Opens into Exterior | Goes to Floor |
| Missing Wall: | 1 - | 2'8" X 6'8" | Opens into Exterior | Goes to Floor |

| DESCRIPTION | QNTY | UNIT COST | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|
| DWELLING | | | | | |
| 9. Contents - move out then reset | 1.00 EA | 37.27 | 37.27 | (0.00) | 37.27 |
| 10. Paint the walls and ceiling - two coats | 464.67 SF | 0.62 | 288.10 | (28.81) | 259.29 |
| **Dwelling Totals:** | | | 325.37 | 28.81 | 296.56 |
| **Totals: Bedroom 2** | | | 325.37 | 28.81 | 296.56 |
| | | | | | |
| **Area Dwelling Total:** | | | 6,726.77 | 526.80 | 6,199.97 |
| **Totals: Main Level** | | | 6,726.77 | 526.80 | 6,199.97 |



**Miscellaneous**

| DESCRIPTION | QNTY | UNIT COST | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|
| DWELLING | | | | | |

RAFAEL_LLANSO

8/26/2009        Page: 5

 **Nationwide Insurance**

Richard Boullon
1100 Locust St
Des Moines, IA 50391-5578
Cell: 561-722-3787
fortp1@nationwide.com

**CONTINUED - Miscellaneous**

| DESCRIPTION | QNTY | UNIT COST | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|
| 11. Dumpster load - Approx. 20 yards, 4 tons of debris | 1.00 EA | 485.00 | 485.00 | (0.00) | 485.00 |
| **Dwelling Totals:** | | | 485.00 | 0.00 | 485.00 |
| **Totals: Miscellaneous** | | | 485.00 | 0.00 | 485.00 |
| **Area Dwelling Total:** | | | 7,211.77 | 526.80 | 6,684.97 |
| **Line Item Totals: RAFAEL_LLANSO** | | | 7,211.77 | 526.80 | 6,684.97 |

**Grand Total Areas:**

| | | |
|---|---|---|
| 5,247.56 SF Walls | 2,226.37 SF Ceiling | 7,473.92 SF Walls and Ceiling |
| 2,226.37 SF Floor | 247.37 SY Flooring | 644.83 LF Floor Perimeter |
| 0.00 SF Long Wall | 0.00 SF Short Wall | 725.00 LF Ceil. Perimeter |
| | | |
| 2,226.37 Floor Area | 2,474.03 Total Area | 5,247.56 Interior Wall Area |
| 5,535.56 Exterior Wall Area | 765.00 Exterior Perimeter of Walls | |
| | | |
| 0.00 Surface Area | 0.00 Number of Squares | 0.00 Total Perimeter Length |
| 0.00 Total Ridge Length | 0.00 Total Hip Length | |

RAFAEL_LLANSO

 **Nationwide Insurance**

Richard Boullon
1100 Locust St
Des Moines, IA 50391-5578
Cell: 561-722-3787
fortp1@nationwide.com

## Summary for Dwelling

| Line Item Total | | | | | |
|---|---|---|---|---|---|
| | | | | | 7,211.77 |
| Material Sales Tax | @ | 7.000% x | 3,433.46 | | 240.34 |
| **Replacement Cost Value** | | | | | $7,452.11 |
| Less Depreciation | | | | | (550.83) |
| **Actual Cash Value** | | | | | $6,901.28 |
| Less Deductible | | | | | (1,000.00) |
| **Net Claim** | | | | | $5,901.28 |
| Total Recoverable Depreciation | | | | | 550.83 |
| Net Claim If Depreciation is Recovered | | | | | $6,452.11 |

Richard Boullon

RAFAEL_LLANSO

8/26/2009          Page: 7



**CONTRACT #**    4367

Salesman: Jim Delang

Delivery is not included

○ Take-Off
○ Quote
○ Contract

6715 SW 129th Terrace, Miami, FL 33176

PHONE: 305-256-8586 / FAX: 305-256-8760

Email: Jim@rscompanies.com

**BILLING NAME:** Taquechel
**BILLING ADDRESS:** 4848 SW 74 Ct.
    **CITY:** Miami, FL    **ZIP:** 33155
  **JOB NAME:** 265 West Enid
  **JOB ADDRESS:** 265 West Enid
    **CITY:** Key Biscayne, Fl.    **ZIP:** 33155

**ATTN:**    **Robert**
**HOME:**
**OFFICE:**    305-661-8366
**CELL:**
**FAX:**    305-661-8321
**E-MAIL:**

| MANUFACTURE: | CGI | GRILLES: | None |
|---|---|---|---|
| FRAME COLOR: | Custom Green | SCREEN: | Windows Only |
| GLASS TYPE: | Impact | JAMB: | Standard |

| MARK | QTY | TYPE | HAND | SIZE/DESC. (Sizes Width x Height) |
|---|---|---|---|---|
| 1 | 1 | | | CGI Windows & Doors |
| 2 | 28 | | | Demo & Buck |
| 3 | 24 | | | Install Windows |
| 4 | 20 | | | Install Door Slabs |
| | | | | |
| | | | | Permit Fees Will Bed Added to Contract |
| | | | | Labor does not include stucco, plaster, drywall, |
| | | | | trim, or painting. |

I authorize THE COMPANIES of R&S Inc. to place and order for the units as
quoted. This proposal may be withdrawn by THE COMPANIES of R&S Inc.
If not accepted within 30 days.

CUSTOMER SIGNATURE

Including Material, Labor & Taxes:    $106,816.00

Exhibit "B"

**Taquechel/Montes De Oca**
Construction Corp.

   c.   Remove and replace window sill – 1 x $95 = $95
   d.   Paint walls – 463 s.f. x $.80/s.f. = $370.40
   e.   Paint base board – 47 l.f. x $1.00/l.f. = $47
   f.   Paint window sill – 3.5 l.f. x $2.50/l.f. - $8.75
   g.   Paint interior doors – 4 x $45 = $180
   h.   Stucco patch exterior of opening - $225
   i.   Remove and replace precast band – 3.5 l.f. x $18/l.f. = $63
   j.   Total maids room - $1,609.90

9.   **BEDROOM #1:**
   a.   Remove and replace drywall wall – 123 s.f. x $2.75/s.f. = $338.25
   b.   Remove and replace carpet – 20 s.y. x $20/s.y. = $400
   c.   Remove and replace base board – 12.5 l.f. x $6.50/l.f. = $81.25
   d.   Remove and replace chair rail – 12.5 l.f. x $5.00/l.f. - $62.50
   e.   Paint walls – 448 s.f. x $.80/s.f. = $358
   f.   Paint base board – 54 l.f. x $1.00/l.f. = $54
   g.   Paint chair rail – 54 l.f. x $1.00/l.f. - $54
   h.   Paint interior doors – 3 x $45 = $135
   i.   Stucco patch exterior of opening - $225
   j.   Remove and replace precast band – 6 l.f. x $18/l.f. = $108
   k.   Total Bedroom #1 - $1,816

10.   **BEDROOM #2:**
   a.   Remove and replace drywall wall – 123 s.f. x $2.75/s.f. = $338.25
   b.   Remove and replace carpet – 20 s.y. x $20/s.y. = $400
   c.   Remove and replace base board – 12.5 l.f. x $6.50/l.f. = $81.25
   d.   Remove and replace chair rail – 12.5 l.f. x $5.00/l.f. - $62.50
   e.   Paint walls – 448 s.f. x $.80/s.f. = $358
   f.   Paint base board – 54 l.f. x $1.00/l.f. = $54
   g.   Paint chair rail – 54 l.f. x $1.00/l.f. - $54
   h.   Paint interior doors – 4 x $45 = $180
   i.   Stucco patch exterior of opening - $225
   j.   Remove and replace precast band – 6 l.f. x $18/l.f. = $108
   k.   Total Bedroom #2 - $1,861

11.   **BEDROOM #3:**
   a.   Remove and replace drywall wall – 123 s.f. x $2.75/s.f. = $338.25
   b.   Remove and replace carpet – 22 s.y. x $20/s.y. = $440
   c.   Remove and replace base board – 12.5 l.f. x $6.50/l.f. = $81.25
   d.   Paint walls – 497 s.f. x $.80/s.f. = $397.60
   e.   Paint base board – 62 l.f. x $1.00/l.f. = $62
   f.   Paint interior doors – 4 x $45 = $180
   g.   Stucco patch exterior of opening - $225
   h.   Remove and replace precast band – 6 l.f. x $18/l.f. = $108
   i.   Total Bedroom #3 - $1,832.10

12.   **MASTER BEDROOM:**
   a.   Remove and replace wood floors – 354 s.f. x $20/ s.f. = $7,080
   b.   Remove and replace drywall wall – 206 s.f. x $2.75/s.f. = $566.50
   c.   Remove and replace base – 21 l.f. x $6.50/l.f. = $136.50
   d.   Remove and replace crown molding – 21 l.f. x $8.50/l.f. = $178.50

**Taquechel/Montes De Oca,** Construction Corp. • 4848 SW 74 TH COURT. • MIAMI, FLORIDA 33155

PHONE: 305-661-8366 FAX: 305-661-8321 • e-mail: taqgroup@mindspring.com
CG-C058956

**Taquechel/Montes De Oca**
Construction Corp.

    b. Remove and replace drywall wall – 165 s.f. x $2.75/s.f. = $453.75
    c. Remove and replace base board – 3 l.f. x $6.50/l.f. = $19.50
    d. Paint walls – 352 s.f. x $.80/s.f. = $281.60
    e. Paint base board – 16 l.f. x $1.00/l.f. = $16
    f. Polish marble floor – 105 s.f. x $2.50/s.f. = $262.50
    g. Stucco patch exterior of opening – 2 x $225 = $450
    h. Remove and replace precast design – $275
    i. Total foyer - $2,066.35

5. **DINING ROOM:**
    a. Remove and replace marble floors – 14 s.f. x $22/s.f. = $308
    b. Remove and replace drywall wall – 118 s.f. x $2.75/s.f. = $324.50
    c. Remove and replace base board – 12 l.f. x $6.50/l.f. = $78
    d. Paint walls – 533 s.f. x $.80/s.f. = $426.40
    e. Paint base board – 40 l.f. x $1.00/l.f. = $40
    f. Polish marble floor – 182 s.f. x $2.50/s.f. = $455
    g. Stucco patch exterior of opening - $225
    h. Remove and replace precast band – 6 l.f. x $18/l.f. = $108
    i. Total living room - $1,964.90

6. **FAMILY ROOM:**
    a. Remove and replace drywall wall – 447 s.f. x $2.75/s.f. = $1,229.25
    b. Remove and replace window sills – 4 x $95 = $380
    c. Remove and replace base board – 20 l.f. x $6.50/l.f. = $130
    d. Remove and replace crown molding – 20 l.f. x $8.50/l.f. = $170
    e. Paint walls – 1,048 s.f. x $.80/s.f. = $838.40
    f. Paint interior doors – 2 x $45 = $90
    g. Paint base board – 50 l.f. x $1.00/l.f. = $50
    h. Paint crown molding – 88 l.f. x $1.50/l.f. = $132
    i. Paint window sills – 20 l.f. x $2.50 = $50
    j. Remove and replace marble floors – 14 s.f. x $22/s.f. = $308
    k. Polish marble floor – 480 s.f. x $2.50/s.f. = $1,200
    l. Stucco patch exterior of opening – 3 openings - $775
    m. Remove and replace precast band – 26 l.f. x $18/l.f. = $468
    n. Total family room - $5,820.65

7. **KITCHEN:**
    a. Remove and replace marble floors – 14 s.f. x $22/s.f. = $308
    b. Remove and replace drywall wall – 320 s.f. x $2.75/s.f. = $880
    c. Remove and reinstall upper cabinets - $1,080
    d. Remove and replace glass mosaic tile – 60 s.f. x $25 = $1,500
    e. Paint walls – 240 s.f. x $.80/s.f. = $192
    f. Polish marble floor – 133 s.f. x $2.50/s.f. = $332.50
    g. Stucco patch exterior of opening – 2 x $225 = $450
    h. Remove and replace precast band – 4 l.f. x $18/l.f. = $72
    i. Remove and replace marble window sill – 4 l.f. x $25/l.f. = $100
    j. Total kitchen - $4,914.50

8. **MAIDS ROOM:**
    a. Remove and replace drywall wall – 182 s.f. x $2.75/s.f. = $500.50
    b. Remove and replace base board – 18.5 l.f. x $6.50/l.f. = $120.25

**Taquechel/Montes De Oca**, Construction Corp. • 4848 SW 74 TH Court. • Miami, Florida 33155

Phone: 305-661-8366 Fax: 305-661-8321 • e-mail: taqgroup@mindspring.com
CG-C058956

**Taquechel/Montes De Oca**
Construction Corp.

## PROPOSAL

To: Dr. Llanso

Date: May 27, 2009

Job Location: 265 West Enid Drive - Key Biscayne, Florida 33149

Job Name: Remove and Replace Windows and French Doors

We hereby propose to furnish materials and labor necessary for the completion of:

1. **LIVING ROOM:**
   a. Remove and replace marble floors – 14 s.f. x $22/s.f. = $308
   b. Remove and replace drywall wall – 120 s.f. x $2.75/s.f. = $330
   c. Remove and replace base board – 13 l.f. x $6.50/l.f. = $84.50
   d. Paint walls – 537 s.f. x $.80/s.f. = $429.60
   e. Paint base board – 44 l.f. x $1.00/l.f. = $44
   f. Polish marble floor – 185 s.f. x $2.50/s.f. = $462.50
   g. Stucco patch exterior of opening - $225
   h. Remove and replace precast band – 6 l.f. x $18/l.f. = $108
   i. Total living room - $1,991.60

2. **CABANA BATHROOM:**
   a. Remove and replace marble floor – 6 s.f. x $22/s.f. = $132
   b. Remove and replace drywall wall – 50 s.f. x $2.75/s.f. = $137.50
   c. Remove and replace marble walls – 55 s.f. x $22/s.f. = $1,210
   d. Remove and replace glass shower enclosure - $1,050
   e. Remove and reinstall shower trim - $175
   f. Remove and reinstall toilet - $175
   g. Paint walls – 150 s.f. x $.80/s.f. = $120
   h. Polish marble floors – 60.5 s.f. x $2.50 = $151.25
   i. Paint interior doors – 2 x $45 = $90
   j. Stucco patch – 2 x $225 = $450
   k. Remove and replace precast bands – 8 l.f. x $18/l.f. = $144
   l. Total cabana bathroom - $3,834.75

3. **LIBRARY:**
   a. Remove and replace marble floors – 14 s.f. x $22/s.f. = $308
   b. Remove and replace drywall wall – 123 s.f. x $2.75/s.f. = $338.25
   c. Remove and replace base board – 13 l.f. x $6.50/l.f. = $84.50
   d. Paint walls – 468 s.f. x $.80/s.f. = $374.40
   e. Paint base board – 47 l.f. x $1.00/l.f. = $47
   f. Paint interior doors – 4 x $45 = $180
   g. Polish marble floor – 142 s.f. x $2.50/s.f. = $355
   h. Stucco patch exterior of opening - $225
   i. Remove and replace precast band – 6 l.f. x $18/l.f. = $108
   j. Total library - $2,020.15

4. **FOYER:**
   a. Remove and replace marble floors – 14 s.f. x $22/s.f. = $308

**Taquechel/Montes De Oca**, Construction Corp. • 4848 SW 74 TH COURT. • MIAMI, FLORIDA 33155

PHONE: 305-661-4366 FAX: 305-661-8321 • e-mail: taqgroup@mindspring.com
CG-C058956

# Taquechel/Montes De Oca
## Construction Corp.

e.  Remove and replace window sill – 2 x $95 = $190
f.  Paint walls – 737 s.f. x $.80/s.f. = $589
g.  Paint base board – 76 l.f. x $1.00/l.f. = $76
h.  Paint crown molding – 87 l.f. x $1.50/l.f. = $130.50
i.  Paint window sill – 5.5 l.f. x $2.50/l.f. = $14
j.  Paint interior doors – 2 x $45 = $90
k.  ~~Stucco patch exterior of opening – 2 x $225 = $450~~
l.  Remove and replace precast band – 17.5 l.f. x $18/l.f. = $315
m.  Total Master Bedroom - $$9,816

13. MASTER BATHROOM:
    a.  Remove and replace drywall wall – 132 s.f. x $2.75/s.f. = $363
    b.  Remove and replace marble stone wall – 82 s.f. x $22/s.f. = $1,804
    c.  Remove and replace Marble stone sill and jambs - $450
    d.  Remove and replace wood window sill – 1 x $95 = $95
    e.  Remove and replace marble base – 5 l.f. x $15/l.f. = $75
    f.  Remove and replace crown molding – 5 l.f. x $8.50/l.f. = $42.50
    g.  Paint walls – 427 s.f. x $.80/s.f. = $341
    h.  Paint window sill – 2.5 l.f. x $2.50/l.f. = $6.25
    i.  Paint crown molding – 20 l.f. x $1.50/l.f. - $30
    j.  Paint interior doors – 6 x $45 = $270
    k.  Stucco patch exterior of opening – 3 x $225 = $675
    l.  Remove and replace precast band –22 l.f. x $18/l.f. = $396
    m.  Total Master Bathroom - $4,547.75

14. HALLWAY:
    a.  Remove and replace wood floors – 174 s.f. x $20/s.f. = $3,480
    b.  Remove and replace wood treads – 19ea x $160 ea = $3,040
    c.  Remove and replace wood landing – 26 s.f. x $35/s.f. = $910
    d.  Remove and reinstall air handling unit - $450
    e.  Remove and replace door casing – 240 l.f. x $1.25/l.f. = $300
    f.  Paint walls – 182 s.f. x $.80 = $145.60
    g.  Total hallway - $8,325.60

15. EXTERIOR:
    a.  Dumpsters – 5 @ $600 ea = $3,000
    b.  Paint exterior of residence - $9,500

16. CONTRACTOR'S OVERHEAD AND PROFIT:
    a.  Hard costs -                              $64,921.25
    b.  Contractor's overhead 10%                 $6,492.12
    c.  Subtotal                                  $71,413.37
    d.  Contractor's Profit 10%                   $7,141.33
    e.  Total job costs                           $78,554.71

17. MISCELLANEOUS:
    a.  Architectural and Engineering Fees -      $3,500
    b.  Permit Fees Village of Key Biscayne (7%) - $12,021.60

Taquechel/Montes De Oca, Construction Corp. • 4848 SW 74 TH COURT. • MIAMI, FLORIDA 33155

PHONE: 305-661-8366 FAX: 305-661-8321 • e-mail: taqgroup@mindspring.com
CG-C058956

IN THE CIRCUIT COURT OF THE 11th
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION
CASE NO:  09-69028 CA 02

RAFAEL E. LLANSO, an individual and
ALEXANDRA LLANSO, an individual,

      Plaintiffs,

vs.

NATIONWIDE INSURANCE COMPANY
OF FLORIDA, a foreign corporation,

      Defendant.

_____/

THE ORIGINAL
FILED ON:

OCT 06 2009

IN THE OFFICE OF
CIRCUIT COURT DADE CO. FL

## NOTICE OF APPEARANCE

    **NOTICE IS HEREBY GIVEN** that Onier Llopiz, Esq. and D. Spencer Mallard, Esq. of the law firm of Lydecker, Lee, Berga & de Zayas, L.L.C., hereby enter their appearance as counsel for Defendant NATIONWIDE INSURANCE COMPANY OF FLORIDA in this cause.

    Copies of all future pleadings and correspondences should be sent to the undersigned counsel at the address written below.  By filing this Notice of Appearance, Defendant does not waive its right to challenge this Court's jurisdiction.

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished to: **Alian M. Perez, Esq.,** *Counsel for Plaintiffs*, Montesano & Perez, PL, Ocean Bank Building, 782 NW Le Jeune Road, Suite 628, Miami, FL 33126 via facsimile (786) 362-7171 and by U.S. Mail this ___ day of October, 2009.

LYDECKER, LEE, BERGA & de ZAYAS, L.L.C.
*Attorneys for Defendant - Nationwide*
1201 Brickell Avenue, 5th Floor
Miami, Florida  33131
Telephone: (305) 416-3180
Facsimile: (305) 416-3190

By: _____
    ONIER LLOPIZ, ESQ.
    Florida Bar No.:  579475
    D. SPENCER MALLARD, ESQ.
    Florida Bar No.: 26497

